## HORACE L. WHITING *vs.* CYPRIAN WHITING.

A testator made a residuary devise and bequest "to the children of my son D., to be equally divided amongst them and their heirs at D.'s decease," adding, "It is my will that the use and improvement of the above mentioned legacy to the children of my son D. be appropriated during his life to the maintenance and support of his family." *Held*, that this created a trust estate during the life of D., with a remainder after D.'s death to his children.

*Held*, also, that this trust, in the absence of any express provision, devolved upon the executor named in the will; and that, after his death, a trustee might be appointed by the probate court.

*Held*, further, that a son of D., though having a family of his own, was one of D.'s "family," within the meaning of the will, and so beneficially interested in the trust; and that the possession by such son, of land so devised, especially while the office of trustee was vacant, could not be deemed adverse to the title of a trustee, when appointed, though the son held deeds from all his brothers and sisters of their interests in the land, and also a warranty deed from D., on receiving which he had given back a bond to support D. and his wife during D.'s life, and continued to support them accordingly until within twenty years.

ACTION OF TORT for breaking and entering a close in Douglas held by the plaintiff under a lease from Abner Whiting. Answer, soil and freehold in the defendant. The parties submitted the case to the decision of the court upon the following facts :

In 1819 Caleb Whiting died seized of the premises. His last will, which was duly proved, after providing for the payment of debts and legacies, and for the support of his wife, contained the following clause : " All the residue and remainder of my estate, both real and personal, excepting what is requisite to enable my executor, hereafter named, to pay the above mentioned debts and legacies, and to give my beloved wife, Hannah Whiting, a comfortable maintenance and a decent burial, I give, bequeath and devise to the children of my son David Whiting, to be equally divided amongst them or their heirs, at the decease of their father, David Whiting. It is my will that the use and improvement of the above mentioned legacy to the children of my son David Whiting be appropriated during his life to the maintenance and support of his family."

David Whiting, at the time of the making of said will and of the decease of the testator, was living, and had a wife and six children, of whom Frederick Whiting was one. Joshua Fairbanks, the executor named in the will, died as early as 1822. On the 22d of May 1830, David Whiting made a deed of the land included in this residuary devise, with the usual covenants of warranty, to Frederick Whiting, and received back a bond conditioned to support him and his wife during his life. On the same day, four of the other chidren, and in 1831 and 1832 the remaining child of David Whiting, made quitclaim deeds to Frederick Whiting, covering their interest in all said land. And

Frederick entered and continued in the occupation of said land,
supporting David and his wife, who lived in Frederick's family
in the dwelling house upon the premises, the produce of which
during that time was consumed in the support of Frederick's
family, including said David and wife, until the 18th of June
1838, when Frederick made a warranty deed of land, including
the *locus in quo,* to the defendant and another person; and the
*locus* was afterwards, and before the trespasses sued for, set off
to the defendant by partition between him and his cotenant,
and he was in undisturbed possession thereof from the time of
said deed until the 1st of April 1853. Before May 1852, Fred-
erick became insolvent, and ceased to support David and his
wife, who in May 1852 fell into distress, and applied to the town
of Douglas, in which they had their legal settlement, for support
as paupers; and in August 1852 the probate court, on the peti-
tion of one of the overseers of the poor of Douglas, appointed
Abner Whiting trustee under said will, who on the 1st of April
1853 entered and made the lease to the plaintiff. David and his
wife are both alive, and have no property or means of support,
unless under said will.

*G. F. Hoar,* for the plaintiff. The will of Caleb Whiting cre-
ated an estate in trust during the life of David Whiting, with
remainder to David's children. The legal estate was intended
to vest in the executor. *Nash* v. *Cutler,* 19 Pick. 71. *Saunderson*
v. *Stearns,* 6 Mass. 37. *Dorr* v. *Wainwright,* 13 Pick. 328. *Das-*
*comb* v. *Davis,* 5 Met. 335. *Ellis* v. *Ellis,* 12 Pick. 178. *Merrill*
v. *Brown,* 12 Pick. 216. *Claggett* v. *Hardy,* 3 N. H. 147. But
wherever the legal estate was bestowed by the testator, as no
bond was given, the trust was declined, and the probate court
had authority to appoint a trustee. Rev. Sts. *c.* 69, § 8. *St.* 1845,
*c.* 158. Property given in trust by will goes, on the death of the
trustee, to his successors, when appointed, without conveyance
from the heirs; and during a vacancy in the office of trustee, the
legal estate is in abeyance. *St.* 1817, *c.* 190, §§ 37, 40. Lit.
§§ 646–648.

The occupation by Frederick Whiting from 1832 to 1838 was
not an adverse occupation. There was no party in being who

could assert the claim; and therefore the statute of limitations does not apply. Lit. § 413. *Parker* v. *Obear*, 7 Met. 24. *Melvin* v. *Whiting*, 13 Pick. 188. *Barnard* v. *Edwards*, 4 N. H. 109. The court cannot draw from these facts the inference that the possession of Frederick was under a claim of right. The performance of the trust by him indicates the contrary. The possession, to be adverse, must be claimed and used as a rightful possession. *Gayetty* v. *Bethune*, 14 Mass. 53. *Fitts* v. *Cook*, 5 Cush. 596. 3 Kent Com. (6th ed.) 444. 3 Cruise Dig. (Greenl. ed.) tit. 31, *c.* 1, § 21, *note.* Angell on Lim. (3d ed.) §§ 384, 385, 390. *Cholmondeley* v. *Clinton*, 2 Jac. & Walk. 190. *Little* v. *Libby*, 2 Greenl. 242. *Peters* v. *Foss*, 5 Greenl. 182. The facts proved, and the title under which Frederick claimed, show that he had notice of the trust; and he therefore occupied subject thereto. Hill on Trustees, 64. 2 Madd. Ch. Pract. 124. *Sheldon* v. *Purple*, 15 Pick. 528. *Gardner* v. *Gardner*, 3 Mason, 212, 217. His entry, under the circumstances, must be presumed to have been on behalf of those having the right. Com. Dig. Abatement, A. Lit. § 396. The deeds to him are only deeds (mostly of quitclaim merely) from one *cestui que trust* to another, and do not strengthen his title. The occupation of a portion of the land, by the *cestui que trust* David, indicates that Frederick's possession was not exclusive, and would prevent the operation of the statute of limitations against the trustee. Hill on Trustees, 205. 3 Cruise Dig. tit. 31, *c.* 2, § 39. *Gree* v. *Rolle*, 1 Ld. Raym. 716. *Keene* v. *Deardon*, 8 East, 248. Angell on Lim. § 474.

*H. Chapin*, for the defendant. The estate for the life of David vested in him, and the intervention of a trustee was not required. 1 Jarman on Wills, 502. 2 Jarman on Wills, 202. The deeds, therefore, of David and his children, under which the tenant claims, give him a perfect title.

If a trust was created by the will in the executor, or in any trustee to be appointed, the right of the plaintiff's lessor was barred by lapse of time, when he made the lease to the plaintiff. Rev. Sts. *c.* 119, § 1. Angell on Lim. §§ 398, 400. The conveyance by David Whiting, although he was a *cestui que trust*,

was valid. *Pritchard* v. *Brown*, 4 N. H. 397. The acts of David Whiting and his children were sufficient, in connection with the occupation of Frederick Whiting and his grantee, to constitute a title in the defendant, founded upon ad 'erse possession.. 3 Cruise Dig. tit. 31, *c.* 2, §§ 59, 60. 2 Smith's Lead. Cas. (Amer. ed.) 416, *note.* 1 Sand. Uses & Trusts, 282. The occupation of the premises by David and his wife was under Frederick.

Frederick, at the time of his purchase, was in no sense a *cestui que trust*, for although a son of David, he had a family of his own, and was not therefore a member of David's family, within the meaning of the will. But if he was a *cestui que trust*, his possession and the circumstances attending it were inconsistent with the trust. 2 Smith's Lead. Cas. 412, *note.*

BIGELOW, J. The residuary clause in the will of Caleb Whiting created a trust estate during the life of his son David Whiting, with a remainder, upon his death, to his children. It is impossible, by any other construction, to fulfil the express provision of the will, by which the use and improvement of the residue of his estate, both real and personal, are appropriated to the support of the family of his son David, during his life ; and it accords entirely with the devise to the children of David, which was not to take effect in possession until the decease of their father. The legal estate, during the lifetime of the son, could not vest in the family of David. The beneficial interest only was given to them. The will therefore, by necessary implication, created a trust, which, in the absence of any direct appointment of a trustee by the will, devolved upon the executor, in whom the legal title to the property vested during the life of David. *Nash* v. *Cutler*, 19 Pick. 71. *Smithwick* v. *Jordan*, 15 Mass. 116. *Dorr* v. *Wainwright*, 13 Pick. 328. Upon the death of the executor, the power to appoint a new trustee was vested in the probate court. *St.* 1817, *c.* 190, § 40. Rev. Sts. 69, § 8. The plaintiff in the present action was therefore duly clothed with the office of trustee, and the title to the trust property became legally vested in him during the life of David.

The only other question is whether the facts in the case show that the defendant and those under whom he claims acquired a valid title to the premises in controversy by disseizin, and adverse possession for twenty years and upwards. We are of opinion that no such title is proved. In the first place we have the fact, that, after the death of the executor, the office of trustee was vacant for many years, so that there was no one whose direct duty it was to assert a title to the property and administer the trust. In the next place, Frederick Whiting was himself one of the *cestuis que trust.* Being one of the children of David Whiting, he was comprehended within the term " family," and so was beneficially interested in the trust estate. Hill on Trustees, 76. *Barnes* v. *Patch*, 8 Ves. 604. *Wood* v. *Wood*, 1 Myl. & Cr. 408. The rule is well settled, that the possession of a *cestui que trust*, however long continued, will not displace the legal title of the trustee, unless there is a distinct denial of such title and a possession wholly inconsistent therewith. The presumption is that the possession of a *cestui que trust* is permissive, and not adverse to the title of the trustee. Angell on Lim. § 474. *Right* v. *Beard*, 13 East, 210. *Roe* v. *Street*, 4 Nev. & Man. 42. Hill on Trustees, 266.

In the present case, there are no facts which show decisively a disseizin of the trustee by Frederick Whiting, and warrant the inference that his possession was adverse. On the contrary, the fact that, on taking a deed of the estate from his father David, he gave a bond by which he bound himself to support him and his wife during the lifetime of said David, and that for several years subsequent thereto, and within twenty years prior to the alleged trespass, he continued to furnish such support, tends to show that he recognized the existence of the trust, and took upon himself to perform the duties properly chargeable on the estate. Nor do we think any great force or efficacy can be given to the fact that he took conveyances of the estate from his brothers and sisters from time to time, as showing an adverse claim and possession. These deeds were doubtless intended to convey the remainder to which the children were entitled, under the will, upon the death of their father. But it does not appear that the

entry of Frederick Whiting, and his subsequent possession of the estate, were intended to·be, or were in fact under these deeds to the exclusion of the trust estate established by the will.

*Judgment for the plaintiff.*